IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE CABELA'S INCORPORATED SHAREHOLDER LITIGATION | Civil Action No. 1:17-cv-00698-RGA |
|---|---|
| | (CONSOLIDATED) |
| This Document Relates to: ALL ACTIONS | CLASS ACTION |

**STIPULATION AND [PROPOSED] ORDER CONCERNING
PLAINTIFFS' VOLUNTARY DISMISSAL OF THE ACTIONS
AND PLAINTIFFS' COUNSEL'S ANTICIPATED
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

**WHEREAS**, four class actions (individually, an "Action" and, collectively, the "Actions") were commenced on behalf of putative classes of Cabela's Incorporated ("Cabela's" or the "Company") stockholders to challenge the proposed merger of Cabela's and Bass Pro Group, LLC ("Bass Pro"), pursuant to a merger agreement, whereby Cabela's stockholders would receive $61.50 in cash for each share of Cabela's common stock that they own (the "Transaction");

**WHEREAS**, on May 23, 2017, Cabela's filed a preliminary proxy statement with the U.S. Securities and Exchange Commission ("SEC") recommending that the Company's stockholders vote in favor of the Transaction;

**WHEREAS**, on June 5, 2017, Cabela's filed a definitive proxy statement (the "Proxy Statement") with the SEC, which announced, among other things, that July 11, 2017 would be the date on which the Company would hold a special meeting for its stockholders to vote whether to approve the Transaction;

1

**WHEREAS**, on June 7, 2017, Plaintiff Adam Klein ("Plaintiff Klein") and Plaintiff Bernard Garcarz ("Plaintiff Garcarz") each filed a putative class action on behalf of a putative class of Cabela's stockholders alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder, and alleging that the Proxy Statement omitted to disclose information that Plaintiff Klein and Plaintiff Garcarz alleged was necessary to make the statements in the Proxy Statement not materially false or misleading (*Klein v. Cabela's Inc.*, Case No. 1:17-cv-00698 (D. Del.); *Garcarz v. Cabela's Inc.*, Case No. 1:17-cv-00699 (D. Del.)) (collectively, the "Initial Actions");

**WHEREAS**, on June 8, 2017, Plaintiff Klein moved for a preliminary injunction to enjoin the Transaction and sent Defendants' counsel a copy of the filing;

**WHEREAS**, Plaintiff Christopher A. Brown ("Plaintiff Brown") and Plaintiff John Solak ("Plaintiff Solak") each brought an additional putative class action on June 9, 2017 and June 14, 2017, respectively, which also alleged that the Proxy Statement omitted to disclose information that purportedly was necessary to make the statements therein not materially false or misleading, and Plaintiff Brown and Plaintiff Solak each also asserted claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder (collectively, the "Subsequent Actions");

**WHEREAS**, on June 19, 2017, Plaintiff Klein, Plaintiff Garcarz, Plaintiff Brown, and Plaintiff Solak (collectively, "Plaintiffs") stipulated to consolidate the Initial Actions and the Subsequent Actions, and the Court subsequently granted Plaintiffs' stipulation thereby consolidating the Actions;

**WHEREAS**, on June 21, 2017, Plaintiff Solak voluntarily dismissed his action;

**WHEREAS**, on June 22, 2017, Cabela's filed with the SEC a supplement to the Proxy Statement, which contained supplemental disclosures (the "Supplemental Disclosures");

**WHEREAS,** that same day, in light of the Supplemental Disclosures, which addressed and mooted the claims asserted in the lawsuit that he filed, Plaintiff Klein sought this Court's permission to withdraw his Motion for a Preliminary Injunction;

**WHEREAS**, on July 11, 2017, the Cabela's stockholder vote on the Transaction was held;

**WHEREAS**, Plaintiffs believe and contend that the Supplemental Disclosures were material and mooted the claims set forth in the Actions;

**WHEREAS**, Plaintiffs assert that the prosecution of the Actions caused Cabela's to file the Supplemental Disclosures with the SEC and that Plaintiffs' counsel has the right to seek and recover attorneys' fees in connection with a claimed common benefit provided to Cabela's stockholders as a result of the filing of the Supplemental Disclosures;

**WHEREAS**, Defendants have denied and continue to deny any wrongdoing, and contend that no claim asserted in the Actions was ever meritorious;

**WHEREAS**, no class has been certified in the Actions;

**WHEREAS**, no discussions or negotiations whatsoever regarding Plaintiffs' claims for attorneys' fees and expenses have occurred to date; and

**WHEREAS**, Defendants reserve the right to oppose, in whole or in part, any claim by Plaintiffs for attorneys' fees and expenses relating to the Actions;

**NOW, THEREFORE**, upon consent of the parties and subject to the approval of the Court:

**IT IS HEREBY ORDERED** that:

1. Each Plaintiff hereby voluntarily dismisses his Action pursuant to Federal Rule of Civil Procedure 41(a), and the Action is so dismissed.

2. Because no class has been certified, the dismissal is as to the named Plaintiffs only and has no effect upon the putative class. Because no class claims are being compromised and no consideration or compensation has been given or promised to Plaintiffs or their counsel, no notice of this dismissal is required.

3. This Court retains continuing jurisdiction over the Actions solely for purposes of any potential further proceedings related to the adjudication of any claim by Plaintiffs' counsel for an award of attorneys' fees and expenses.

4. The parties shall meet and confer concerning Plaintiffs' claim for attorneys' fees and expenses. To the extent that the parties are unable to reach an agreement, they will contact the Court to set a stipulated briefing and hearing schedule for a fee and expense application. If the parties reach an agreement, they will notify the Court.

5. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiffs or Defendants in support of or in opposition to any claim by Plaintiffs for attorneys' fees and expenses.

6. Any fee petition will be jointly filed with the counsel for Plaintiffs in each Action.

Dated: July 27, 2017

**FARUQI & FARUQI, LLP**

By: */s/ Michael Van Gorder*
Michael Van Gorder (#6214)
Faruqi & Faruqi, LLP
20 Montchanin Road, Suite 145
Wilmington, Delaware 19807
Tel: (302) 482-3182
Email: mvangorder@faruqilaw.com

*Attorneys for Plaintiffs Adam Klein, and Christopher A. Brown*

OF COUNSEL:

Nadeem Faruqi
James M. Wilson, Jr.
Faruqi & Faruqi, LLP
685 Third Ave., 26th Fl.
New York, NY 10017
Telephone: (212) 983-9330
Email: nfaruqi@faruqilaw.com
Email: jwilson@faruqilaw.com

*Attorneys for Adam Klein*

Juan E. Monteverde
Monteverde & Associates PC
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Telephone: (212) 971-1341
Email: jmonteverde@monteverdelaw.com

*Attorney for Plaintiff Christopher A. Brown*

Dated: July 27, 2017      By:   /s/ *Brian D. Long*
**RIGRODSKY & LONG, P.A.**
Brian D. Long (#4347(
Gina M. Serra (#5387)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

OF COUNSEL:

Donald J. Enright
Elizabeth K. Tripodi
1101 30th Street, N.W.
Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4290

*Attorneys for Plaintiff Bernard Garcarz*

5

Dated: July 27, 2017

**RICHARDS, LAYTON & FINGER, PA**

By: /s/ Chad M. Shandler
Gregory P. Williams (#2168)
Chad M. Shandler (#3796)
Richards, Layton & Finger, PA
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: williams@rlf.com
Email: shandler@rlf.com

**OF COUNSEL:**

James W. Ducayet
Nilofer Umar
J. Simone Jones
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
Tel: (312) 853-7621
Email: jducayet@sidley.com
Email: numar@sidley.com
Email: simone.jones@sidley.com

*Attorneys for Defendants*

SO ORDERED this 27 day of July, 2017.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

6